IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ADAM R. MONTOYA

       Petitioner,

vs.                                                              CIV NO. 03-1382 WPJ/ACT

TIM LeMASTER, Warden, and
PATRICIA MADRID, Attorney General of
the State of New Mexico,

       Respondents.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Respondents' Motion to Dismiss the Petition for the Writ of Habeas Corpus. (Doc. No. 8). The Motion was filed on February 9, 2004 and Petitioner has not responded. The United States Magistrate Judge, having reviewed the Petition and its accompanying exhibits, the Motion to Dismiss and Memorandum in Support of the Motion, the Answer and the accompanying Exhibits, finds that the Motion to Dismiss is well taken and recommends that it be GRANTED. The United States Magistrate Judge further recommends that the Application/Petition for the Writ of Habeas Corpus be DENIED because it is time-barred.

## PROPOSED FINDINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Judgment, Sentence and Commitment of the Second Judicial District Court, County of Bernalillo, State of New Mexico in cases Nos. CR 2001-02715 and CR 2001-02599. (Answer, Exhibit B). Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner pled guilty to one (1) count of Shooting at or from a Motor Vehicle (No Injury), one (1) count of Aggravated Assault (Deadly Weapon), one (1) count of Possession of a Firearm or Destructive Device by a Felon, and one (1) count of Robbery. (Answer, Exhibit B). The two cases, Nos. CR 2001-02715 and CR 2001-02599, were consolidated for plea and sentencing purposes. (Answer, Exhibit E).

3. Petitioner's hearing on his Sentence was held on June 13, 2002 before Judge Albert S. "Pat" Murdoch. Petitioner was represented by counsel. (Answer, Exhibits A & B). The written Judgment, Sentence and Order Suspending Sentence was entered on June 19, 2002. (Answer, Exhibit A). A corrected Judgment, Sentence and Order Partially Suspending Sentence was entered on June 21, 2002 to reflect that the Order only partially suspended the Sentence. Otherwise, the corrected Judgment and Sentence was identical to the Judgment and Sentence entered June 19, 2002. (Answer, Exhibits A & B).

4. Petitioner was sentenced to nine and a half (9 ½) years with four and a half (4 ½) years suspended followed by four and a half (4 ½) years on supervised probation with various conditions. (Answer, Exhibit B). Petitioner was given presentence confinement credit of two hundred forty six (246) days in CR 2001-02715 and one hundred twenty-five (125) days in CR 2001-02599. Petitioner was also to be placed on parole for two (2) years after release. (Answer,

2

Exhibit B).

    5.  At all times, during the proceedings leading to the plea agreement contained in Petitioner's Repeat Offender Plea and Disposition Agreement as well as during the imposition of the Judgment and Sentence, Petitioner was represented by counsel. (Answer, Exhibits B and C).

    6. Petitioner did not file a direct appeal in accordance with his Repeat Offender Plea and Disposition Agreement. (Answer, Exhibit C).

    7.  On June 4, 2003, Petitioner filed a Petition for a Writ of Habeas Corpus in the Second Judicial District Court, County of Bernalillo, State of New Mexico  (Answer, Exhibit F).

    8. On June 5, 2003, New Mexico District Court Judge Albert S. "Pat" Murdoch denied the Petition finding "all of the Petition's allegations are vague and without substantiation.  Pre-sentence confinement is appropriately calculated.  Department of Corrections is right in determining that most of these offenses are '85%' crimes." (Answer, Exhibit G).

    9. Petitioner filed a Petition for a Writ of Certiorari on July 8, 2003 to the Supreme Court of the State of New Mexico.  (Answer, Exhibit H). The Petition was denied on July 17, 2003. (Answer, Exhibit I).

    10. The Application for a Writ of Habeas Corpus was filed in federal court on December 2, 2003. (Doc. No. 1)

    11.  Respondents answered and moved to dismiss on February 9, 2004, asserting that the Petition is barred by the one (1) year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d)(1), the statute which applies to the filing of Petitions for a Writ of Habeas Corpus in federal court. (Docs. No. 8 and 9).

    12.   The AEDPA states that "the limitation period shall run from the latest of  - (A) the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244 (d)(1). Petitioner had waived his right of appeal by agreeing to and signing the Repeat Offender Plea and Disposition Agreement. (Answer, Exhibit C). Therefore his Judgment, Sentence and Order Partially Suspending Sentence became final on the day the corrected version was filed of record, June 21, 2002. (Answer, Exhibit B).

13. The AEDPA contains tolling provisions, 28 U.S.C. §2244 (d)(2) which suspend the time counted toward the one year statute of limitations during which a properly filed application for state post-conviction review is pending. The one year statute of limitations was suspended from June 4 to July 17, 2003 because during those times properly filed applications for state post-conviction review were pending. The total time tolled was forty-four (44) days.

14. The statute of limitations for filing his federal petition for Writ of Habeas Corpus began to run June 22, 2002, the day after the Judgment against Petitioner became final, and expired on August 5, 2003 which includes the forty-four (44) tolled days.

15. The federal Application for the Writ of Habeas Corpus was not filed until December 2, 2003, approximately four (4) months after the statute of limitations had expired. The Petitioner's Application was filed too late and is time-barred by the AEDPA.

16. The record does not reflect any circumstances or unusual situations which support the doctrine of equitable tolling. *See, Miller v. Marr*, 141 F. 3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998).

17. The Application, even if it was not time-barred, fails to allege facts which would alert this Court to a recognizable federal constitutional violation. Petitioner complains that 1) Judge Murdoch stated in open court during his sentencing proceeding that Petitioner would serve three

4

(3) years of supervised probation but the written Judgment and Sentence requires that Petitioner serve four and a half (4 ½ ) years of supervised probation[1]; 2) the Department of Corrections is requiring that 85% of his sentenced be actually served because the crimes were serious violent offenses but Petitioner argues that the enhancement time added to the underlying sentences should be served at 50%; 3) that his Sentence should have the type of counseling or treatment selected for probation rather than the general selection which gives discretion to the probation authorities to select the type of counseling or treatment; and 4) that his presentence credit was miscalculated. All of these arguments present issues of interpretations of state law and state regulations. A claim that a New Mexico court misinterpreted New Mexico law is not grounds for federal habeas corpus relief. *Morris v. Burnett*, 319 F. 3d 1254, 1268 (10th Cir. 2003); *Scrivener v. Tansy* , 68 F. 3d 1234, 1238 (10th Cir. 1995), *cert. denied*, 516 U.S. 1178 (1996).

RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that Respondent's Motion to Dismiss be GRANTED, and that the §2254 Petition for a Writ of Habeas Corpus be DISMISSED as time-barred.

---

[1] The Court, having reviewed the transcript of the sentencing hearing of the Petitioner held on June 13, 2002 before Judge Murdoch, agrees with the Petitioner that Judge Murdoch clearly stated that Petitioner would serve three (3) years of supervised probation. Yet the written Judgment and Sentence states that Petitioner will serve four and a half (4 ½) years of supervised probation. In New Mexico, when there is a conflict between the oral and the written sentence, the written sentence prevails because the oral sentence is not a final judgment and is subject to change until it is reduced to writing and filed. *State v. Diaz*, 100 N.M. 524, 525, 673 P.2d 501, 501 (1983); *State v. Rushing*, 103 N.M. 333, 334, 706 P.2d 875, 876 (Ct. App. 1985).

NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE